DEAN v. SCOTT ET AL.

1. **Vendor's Lien**: ACTION TO ENFORCE: FACTS NOT ENTITLING TO
   RELIEF. Action to enforce a vendor's lien against a purchaser from the
   vendee. But it appearing that the lien was not preserved by any
   recorded instrument, and that there was no fraud or collusion between
   the vendees, *held* that the lien could not be recognized or enforced.
   Code, § 1940.

*Appeal from Poweshiek Circuit Court.*

THURSDAY, OCTOBER 22.

ACTION in equity to foreclose a mortgage upon certain land,
and also to foreclose a vendor's lien upon the same and other
land. The court decreed a foreclosure of the mortgage, but
refused to decree a foreclosure of the alleged vendor's lien,
and dismissed the plaintiff's petition in respect to such lien.
The plaintiff appeals.

*Robinson & Patterson*, for appellant.

*John T. Scott*, for appellee.

ADAMS, J.—The plaintiff's mortgage was acquired by pur-
chase from the Connecticut General Life Insurance Company.
Her alleged vendor's lien was acquired from the administra-
tors of the estate of one E. T. Seymore, deceased. Seymore,
in his life-time, owned four quarter sections of land in Powe-
shiek county. One of them he mortgaged to the Connecticut
General Life Insurance Company. After his death his
administrators sold and conveyed the four quarter sections to
the defendant George W. Scott, who assumed as part of the
purchase money the payment of the mortgaged debt due the life
insurance company. After this conveyance, Scott sold and
conveyed the premises by quitclaim deed to the defendant Bus-
well. The plaintiff claims that the purchase money due from

Scott primarily to the administrators became payable under the agreement, to the amount of the mortgage debt, to the life insurance company, and that the administrators had a vendor's lien for that amount upon the four quarter sections sold and conveyed to Scott, and she claims that she is entitled, as assignee of the lien to enforce it, even as against Buswell, Scott's grantee.

Buswell's position is that such lien, if it ever existed, was extinguished when the land was conveyed to him. He relies upon section 1940 of the Code, which is in these words: "No vendor's lien for unpaid purchase money shall be recognized or enforced in any court of law or equity, after a conveyance by the vendee, unless such lien is reserved by conveyance, mortgage, or other instrument duly recorded, or unless such conveyance by the vendee is made after suit brought by the vendor, his executor or assigns, to enforce the lien. But nothing herein shall be construed to deprive a vendor of any remedy now existing against conveyances procured through fraud or collusion of vendees therein, or persons purchasing of such vendees with notice of such fraud."

The plaintiff endeavors to meet Buswell's position by saying that the administrators' vendor's lien was preserved in the deed by them to Scott, and moreover that the sale and conveyance by Scott to Buswell was made by fraud and collusion between them to hinder and delay the administrators in the collection of the debt.

In respect to the question as to whether a vendor's lien was reserved in the deed by the administrators to Scott, we have to say that we do not think it was. We find no allusion to such lien. It is, to be sure, provided that Scott assumes the payment of the mortgage debt resting upon a part of the land. But this only shows the mode in which he was to pay a part of the purchase money. This is something quite distinct from a vendor's lien.

As to whether there was fraud on the part of Buswell we have to say that we think that this question also must be

answered against the plaintiff. We have all reached this conclusion upon a separate reading of the evidence, and must be allowed to merely state our conclusion without setting out the evidence upon which the plaintiff relies.

In our opinion the decree of the circuit is correct.

AFFIRMED.